CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
8/13/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MACK W.,[1] | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:17-cv-00095 |
| ANDREW SAUL, Commissioner, Social Security Administration,[2] | ) By: Elizabeth K. Dillon <br> ) United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Mack W. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying his claim for disability insurance benefits under the Social Security Act. Defendant moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). On February 25, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 22.) Mack filed a timely objection on March 11, 2019. (Dkt. No. 23.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment and affirm the Commissioner's decision.

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 3–14, Dkt. No. 22.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error

in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Mack W.'s Objections**

Mack argues that the magistrate judge's finding that the ALJ properly weighed the opinion of his treating physician, Dr. Anthony Martinez, should be rejected. (Pl.'s Objs. 1–6.)

Contrary to the magistrate judge's reasoning that diagnostic and examination evidence "did not reflect the type of serious limitations one might expect from a completely disabling condition," (R&R 15), Mack contends that the imaging was "not so underwhelming" that it detracted from Dr. Martinez's opinion. (Pl.'s Objs. 1–2.) This argument was presented in Mack's initial brief to the magistrate judge and, therefore, is the type of rehashed argument rejected out of hand by the courts in *Heffner* and *Felton*. (Dkt. No. 17, Pl.'s Mem. 18 ("Further, contrary to the ALJ's finding that Dr. Martinez overstated Plaintiff's limitations, the record amply reflects Plaintiff's complaints of pain throughout his treatment with Dr. Martinez.").) Moreover, the court finds no error in the magistrate judge's reasoning. As the magistrate judge explained, examination findings from a variety of doctors, including Dr. Martinez, were largely

normal from 2011 to 2015. (R&R 16.) Later, in specifically finding that the ALJ was correct in assigning "limited weight" to Dr. Martinez's opinion, the magistrate judge again noted that "exam findings from 2011 to 2015 provided objective evidence demonstrating that Mack W.'s back condition had a limited effect on his ability to work." (*Id.* at 20.) The court agrees with the magistrate judge and the ALJ that Dr. Martinez overstated Plaintiff's functional limitations. (*Id.*)

Mack also argues that the ALJ erred by noting purported inconsistencies between Dr. Martinez's opinion and his activities of daily living, such as caring for his pets, watching television, preparing simple meals, doing laundry, cleaning dishes, vacuuming, driving, shopping for personal items once per week, paying bills, counting change, and handling a savings account. (Pl.'s Objs. 3.) According to Mack, this evidence does not translate into the ability to perform sustained light work activity. (*Id.* at 3–4.) As an initial matter, the court notes that the magistrate judge did not discuss Mack's activities of daily living in the context of the ALJ's assessment of Dr. Martinez's opinion. (R&R 16–17.) Instead, the magistrate judge explained that these activities are "undoubtedly inconsistent with the type of extreme limitations Mack W. described in his hearing testimony, where he stated that he 'can't do nothing anymore,' R. 48, and that he typically spends his days in the house with his dogs 'in pain most of the time,' R. 53." (*Id.* at 17.) This was, essentially, a credibility finding, such that there was substantial evidence to support the ALJ's conclusion that Mack's daily activities are "not limited to the extent one would expect given the complaints of disabling symptoms and limitations." (*Id.* at 16–17.) It was not necessary, as Mack argues, to explain how these activities specifically equate to the ability to perform light work. As the magistrate judge explained in his opinion, substantial evidence in the record supports the ALJ's finding that Mack has the residual functional capacity (RFC) to perform light work. (*Id.* at 14–22.)

4

Finally, Mack argues that the ALJ erred by highlighting the opinions of the non-examining State agency consultants as substantial evidence in support of the RFC finding. (Pl.'s Objs. 4.) Once again, this argument was specifically addressed to the magistrate judge, so it need not be considered again by this court. (Pl.'s Mem. 20); *see Heffner*, 2017 WL 3887155, at *3. In any event, the court finds no error in the magistrate judge's conclusion that the ALJ's "assessment of the medical evidence was reasonable, and it provided support for his consideration of the [Disability Determination Services] opinions." (R&R 21.)

### III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Mack's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment.

An appropriate order will be entered.

Entered: August 13, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge